**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: CORP, NADROJ (ILLINOIS) | § Case No. 08-26798 |
| | § |
| | § |
| Debtor(s) | § |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on October 07, 2008. The undersigned trustee was appointed on October 07, 2008.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of             $         20,015.46

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 20.33 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1] | $    19,995.13 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 03/11/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

6. The deadline for filing claims in this case was 03/11/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,751.43. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,751.43, for a total compensation of $2,751.43. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $43.94, for total expenses of $43.94.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/23/2010           By:/s/KAREN R. GOODMAN
                                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

| Case Number: | 08-26798 | Trustee: | (520191) KAREN R. GOODMAN |
| --- | --- | --- | --- |
| Case Name: | CORP, NADROJ (ILLINOIS) | Filed (f) or Converted (c): | 10/07/08 (f) |
| | | §341(a) Meeting Date: | 11/18/08 |
| Period Ending: | 09/23/10 | Claims Bar Date: | 03/11/09 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | BANK ACCOUNTS-NATIONAL CITY BANK, EVANSTON | 500.00 | 0.00 | | 0.00 | FA |
| 2 | INTEREST IN JORDAN S. ZOOT P.C. | 100.00 | 100.00 | | 0.00 | FA |
| 3 | INTEREST IN 617 GROVE CONTROL INC. | 100.00 | 100.00 | | 0.00 | FA |
| 4 | INTEREST IN BEECHER TOOL & DIE, INC. | 6,500.00 | 6,500.00 | | 5,000.00 | FA |
| 5 | 2001 TOYOTA TACOMA | 5,500.00 | 5,500.00 | | 10,000.00 | FA |
| 6 | OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES | 5,500.00 | 5,500.00 | | 5,000.00 | FA |
| 7 | COMPUTER EQUIPMENT AND PRINTERS | 2,500.00 | 0.00 | | 0.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 15.46 | Unknown |
| 8 | Assets    Totals (Excluding unknown values) | $20,700.00 | $17,700.00 | | $20,015.46 | $0.00 |

**Major Activities Affecting Case Closing:**

File tax returns; review claims; file TFR.

| Initial Projected Date Of Final Report (TFR): | December 31, 2009 | Current Projected Date Of Final Report (TFR): | May 31, 2010 |
| --- | --- | --- | --- |

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 08-26798 | Trustee: | KAREN R. GOODMAN (520191) |
| --- | --- | --- | --- |
| Case Name: | CORP, NADROJ (ILLINOIS) | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | Account: | ***-*****47-65 - Money Market Account |
| Taxpayer ID #: | **-***9658 | Blanket Bond: | $61,494,000.00  (per case limit) |
| Period Ending: | 09/23/10 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 04/01/09 | | Nadroj consulting Inc | Sale of assets per Court order dated 3/31/09 | | 18,800.00 | | 18,800.00 |
| | {5} | | 10,000.00 | 1129-000 | | | 18,800.00 |
| | {4} | | 3,800.00 | 1129-000 | | | 18,800.00 |
| | {6} | | 5,000.00 | 1129-000 | | | 18,800.00 |
| 04/01/09 | {4} | Jordan Zoot | Sale of assets per Court Order dated 3/31/09 | 1129-000 | 1,200.00 | | 20,000.00 |
| 04/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.76 | | 20,000.76 |
| 05/29/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.78 | | 20,001.54 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.87 | | 20,002.41 |
| 07/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.84 | | 20,003.25 |
| 08/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.84 | | 20,004.09 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.81 | | 20,004.90 |
| 10/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.81 | | 20,005.71 |
| 11/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.84 | | 20,006.55 |
| 12/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.84 | | 20,007.39 |
| 01/29/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.78 | | 20,008.17 |
| 02/04/10 | 1001 | LIBERT MUTUAL INSURANCE COMPANY | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/04/2010 FOR CASE #08-26798, Bond Premium Payment on Bank Balance as of 02/04/2010, Blanket bond II Voided on 02/04/10 | 2300-000 | | 20.33 | 19,987.84 |
| 02/04/10 | 1001 | LIBERT MUTUAL INSURANCE COMPANY | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/04/2010 FOR CASE #08-26798, Bond Premium Payment on Bank Balance as of 02/04/2010, Blanket bond II Voided: check issued on 02/04/10 | 2300-000 | | -20.33 | 20,008.17 |
| 02/04/10 | 1002 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/04/2010 FOR CASE #08-26798, Bond #016026455 | 2300-000 | | 20.33 | 19,987.84 |
| 02/26/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.76 | | 19,988.60 |
| 03/31/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.89 | | 19,989.49 |
| 04/20/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.51 | | 19,990.00 |
| 04/20/10 | | Wire out to BNYM account 9200******4765 | Wire out to BNYM account 9200******4765 | 9999-000 | -19,990.00 | | 0.00 |
| | | | ACCOUNT TOTALS | | 20.33 | 20.33 | $0.00 |
| | | | Less: Bank Transfers | | -19,990.00 | 0.00 | |
| | | | Subtotal | | 20,010.33 | 20.33 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $20,010.33 | $20.33 | |

{} Asset reference(s)

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 08-26798 | | Trustee: | KAREN R. GOODMAN (520191) |
|---|---|---|---|---|
| Case Name: | CORP, NADROJ (ILLINOIS) | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******47-65 - Money Market Account |
| Taxpayer ID #: | **-***9658 | | Blanket Bond: | $61,494,000.00 (per case limit) |
| Period Ending: | 09/23/10 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 04/20/10 | | Wire in from JPMorgan Chase Bank, N.A. account ********4765 | Wire in from JPMorgan Chase Bank, N.A. account ********4765 | 9999-000 | 19,990.00 | | 19,990.00 |
| 04/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.42 | | 19,990.42 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 1.19 | | 19,991.61 |
| 06/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 1.15 | | 19,992.76 |
| 07/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 1.18 | | 19,993.94 |
| 08/31/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 1.19 | | 19,995.13 |

| | | | |
|---|---|---:|---:|
| | ACCOUNT TOTALS | 19,995.13 | 0.00 | $19,995.13 |
| | Less: Bank Transfers | 19,990.00 | 0.00 | |
| | Subtotal | 5.13 | 0.00 | |
| | Less: Payments to Debtors | | 0.00 | |
| | NET Receipts / Disbursements | $5.13 | $0.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---:|---:|---:|
| MMA # ***-*****47-65 | 20,010.33 | 20.33 | 0.00 |
| MMA # 9200-******47-65 | 5.13 | 0.00 | 19,995.13 |
| | $20,015.46 | $20.33 | $19,995.13 |

{} Asset reference(s)

Printed: 09/23/2010 03:15 PM    V.12.52

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-26798
Case Name: CORP, NADROJ (ILLINOIS)
Trustee Name: KAREN R. GOODMAN

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| Dell Financial Services, LLC | $ 200.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | KAREN R. GOODMAN | $ 2,751.43 | $ 43.94 |
| Attorney for trustee | SHEFSKY & FROELICH LTD. | $ 2,142.00 | $ |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | ALAN D. LASKO | $ 5,626.02 | $ 43.05 |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*    *Fees*    *Expenses*

**UST Form 101-7-TFR (9/1/2009)**

*Attorney for debtor* _____ $_____ $_____

*Attorney for* _____ $_____ $_____

*Accountant for* _____ $_____ $_____

*Appraiser for* _____ $_____ $_____

*Other* _____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $17,700.16 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 4P-2 | Internal Revenue Service | $ 257.62 | $ 133.74 |
| 4S-2 | Internal Revenue Service | $ 17,442.54 | $ 9,054.95 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 58,317.71 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | FedEx Customer Information Service | $ 595.27 | $ 0.00 |
| 2U | Dell Financial Services, LLC | $ 32,631.54 | $ 0.00 |
| 3 | Metaforms Architects | $ 250.00 | $ 0.00 |
| 5 | Fifth Third Bank | $ 10,332.33 | $ 0.00 |
| 6 | ADT Security Services | $ 7,693.16 | $ 0.00 |
| 7 | ADT Security Services | $ 2,995.26 | $ 0.00 |
| 8 | Recovery Management Systems Corporation | $ 2,006.27 | $ 0.00 |
| 9 | Yellow Book USA | $ 1,813.88 | $ 0.00 |

**UST Form 101-7-TFR (9/1/2009)**

    Tardily filed claims of general (unsecured) creditors totaling $ 7,620.51 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

    Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 10 | eCAST Settlement Corp | $ 7,620.51 | $ 0.00 |

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| N/A | | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**